FILED
2009 Oct-28 PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIE C. & DOROTHY CLEVELAND, individually and on behalf of a class described herein,** § § § § | | |
| **Plaintiffs,** § § | | |
| vs. § § | **Case No. CV-09-HGD-1991-W** | |
| **HUGH EDMONDS DISCOUNT COMPANY, INC.,** § § § § | | |
| **Defendant.** § | | |

## ANSWER

COMES NOW the Defendant, Hugh Edmonds Discount Company, Inc. ("Edmonds"), and for answer to the numbered paragraphs of Plaintiffs' Complaint states as follows:

1.  Edmonds admits that this Court has jurisdiction over cases involving the Truth-in-Lending Act and the Home Ownership and Equity Protection Act, but denies that Plaintiffs are entitled to any relief under those statutes or any other relief whatsoever. Edmonds also denies that Plaintiffs are entitled to represent any other person on behalf of a class.

1

2. The averments of this paragraph are legal conclusions which require no response. However, to the extent a response is required, the allegations of this paragraph are admitted.

3. Edmonds is presently without sufficient knowledge or information to admit or deny the allegations of this paragraph.

4. Upon information and belief, admitted.

5. Admitted.

6. Denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Edmonds is presently without sufficient knowledge or information to admit or deny the allegations of this paragraph.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. The averments of this paragraph are conclusions which require no response. However, to the extent a response is required, the allegations of this paragraph are denied.

26. Denied.

27. Denied.

28. Edmonds is presently without sufficient knowledge or information to admit or deny the allegations of this paragraph.

29. Edmonds incorporates by reference its responses to paragraphs 1-28 as though fully set forth herein.

30. Denied.

31. Edmonds denies that Plaintiffs are entitled to represent any other person on behalf of a class.

32. Denied.

33. Denied.

34. Denied.

35. Denied

36. Edmonds is presently without sufficient knowledge or information to admit or deny the allegations of this paragraph.

37. Denied.

In response to Plaintiffs' request for relief, Edmonds denies that Plaintiffs are entitled to any relief from it, and demands strict proof of each element of Plaintiffs' claims, and of Plaintiffs' claimed injuries and damages.

38. Edmonds incorporates by reference its responses to paragraphs 1-28 as though fully set forth herein.

39. Denied.

In response to Plaintiffs' request for relief, Edmonds denies that Plaintiffs are entitled to any relief from it, and demands strict proof of each element of Plaintiffs' claims, and of Plaintiffs' claimed injuries and damages.

## **DEFENSES**

Without assuming any burden of pleading, proof or persuasion otherwise resting on Plaintiffs, Edmonds asserts the following defenses:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are preempted.

3. Plaintiffs' claimed injuries and damages, if any, are the proximate result of the acts or omissions of others, for whom Edmonds owes no legal responsibility.

4. Edmonds pleads the defense of waiver.

5. Edmonds pleads the defense of estoppel.

6. Plaintiffs' claims are barred by unclean hands.

7. Plaintiffs' claims are barred by contributory negligence.

8. Plaintiffs' claims fail for want of reasonable reliance.

9. Plaintiffs' claims are barred by ratification.

10. Plaintiffs' claims are barred by Plaintiffs' failure to mitigate.

11. Plaintiffs' claims are barred by lack of causal relation.

12. Plaintiffs' claims are barred by the parole evidence rule.

13. Plaintiffs' claims are barred by acquiescence.

14. Plaintiffs' claims are barred by Plaintiffs' own fraudulent misconduct.

15. Edmonds contests the nature and amounts of Plaintiffs' claimed damages.

16. Plaintiffs' claims are not pled with the specificity required by Rule 9 of the Federal Rules of Civil Procedure.

17. Plaintiffs do not allege claims sufficient to bring a class action under Rule 23 of the Federal Rules of Civil Procedure.

18. Plaintiffs are not similarly situated to any of those persons they purport to represent in a class action.

19. Plaintiffs cannot maintain a class action because the class is not so numerous that joinder of the purported members is impractical.

20. Plaintiffs cannot maintain a class action because no common questions of law or fact exist.

21. Plaintiffs cannot maintain a class action because the claims or defenses of the Plaintiffs are not typical of the claims or defenses of the purported class.

22. Plaintiffs cannot maintain a class action because they cannot fairly and adequately protect the interest of the purported class.

23. Defendant pleads the terms, conditions and defenses provided by the statutes under which the Plaintiffs' claims are made.

24. Plaintiffs have agreed to arbitrate their claims against Edmonds.

At the time of the filing of this Answer, discovery has not yet been commenced. Edmonds reserves the right to supplement its answer with such other and further defenses as may be appropriate based on information learned in discovery in this action.

/s/ R. Cooper Shattuck
**R. Cooper Shattuck** (SHATR-5109)
**Jane L. Calamusa** (CALAJ-5640)
**Katie B. Thompson** (THOMK-4833)
Attorneys for Defendant

**OF COUNSEL**
Rosen Harwood, P.A.
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:   (205) 758-8358
cshattuck@rosenharwood.com
jcalamusa@rosenharwood.com
kthompson@rosenharwood.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL  36533-0969

Milton Brown, Jr.
2608 8th Street
Tuscaloosa, AL  35401

Steven P. Gregory
Gregory Law Firm, P.C.
46A Mt. Laurel Avenue
Birmingham, AL  35242

/s/ R. Cooper Shattuck
**R. Cooper Shattuck**

7