# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **WILLIE C. & DOROTHY CLEVELAND, individually and on behalf of a class described herein,** § § § § | |
| **Plaintiffs,** § § | |
| vs. § | Case No. CV-09-HGD-1991-W |
| § | |
| **HUGH EDMONDS DISCOUNT COMPANY, INC.,** § § § | |
| **Defendant.** § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

COME NOW Plaintiffs and pursuant to Rules 26, 33 and 34 of the *Federal Rules of Civil Procedure*, hereby propound the following Interrogatories to Defendant Edmonds Discount Company, Inc..

## INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to

1

secure the information sought, so state and answer to the extent possible, specifying you inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Federal Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony. You are under a duty to seasonable amend a prior response if you obtain information upon the basis of which you (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Each request for production of documents herein shall be deemed continuing so as to require prompt supplement responses in accordance with Rule 26(e) of the *Federal Rules of Civil Procedure* if you obtain or discover further documents called for herein between the time responded to in this request and the time of trial.

If a privilege is claimed as a ground for not responding in whole or in part to any request made herein, you shall in your responses hereto describe the factual basis for the claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## DEFINITIONS

In these interrogatories the following shall mean:

A. "You" or "Yours" shall mean Edmonds Discount Company, Inc. ("Edmonds"), and its attorneys, employees, agents, representatives, employees and all other persons acting on its behalf.

B. "Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

C "Plaintiffs" shall mean Willie C. Cleveland and Dorothy Cleveland.

D. "Defendant" shall mean Edmonds Discount Company, Inc. ("Edmonds") and its attorneys, employees, agents, representatives and all other persons acting on its behalf.

E. "Document" means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs, charts, photographs, recorded, digitally encoded, graphic,

and/or other data compilations from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original.  The term "document or documents" includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employee's review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheets or things similar to any of the foregoing however denominated.  The term "Document" or "Documents" further means any document now or at any time in the possession, custody , or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or

divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has a right to secure the document or a copy thereof.

  F. "Address" shall mean the street number, street, city and state of subject person, business or other entity.

  G. "Identify" or "Identification" when used with reference to a person, shall mean to state the full name and present or last known address of said person.

  H. "Identify" or "Identification" when used with referenced to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in my possession, custody or control, state what disposition was made of it and the reason for its disposition.

  I. "Hers" means his and/or her, and "her" means he and/or she.

  J. "Relates to" means supports, evidences, describes, mentions, refers to, contradicts, comprises, constitutes or compromises.

K. "And" as well as "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests for production any information or documents which might otherwise be construed to be outside their scope.

L. "Cleveland Loan" shall mean the loan transaction described in the Complaint.

M. The "Property" shall mean Plaintiffs' home located at 66 Dogwood Drive, Brent, Alabama 35034.

N. "Edmonds" shall mean Edmonds Discount Company, Inc. ("Edmonds").

### INTERROGATORIES

1. Identify the person or persons answering or participating in the preparation of answers to these interrogatories.

2. Is the Defendant properly named in the Complaint? If not, please give the Defendant's proper name or the name of proper legal entity.

3. Do the owners of the Defendant own any other corporate entities? If so, state the name of each such entity, its date of incorporation, its principal place

of business, its shareholders or members, whether the entity is still conducting business, and describe the nature of its business.

4. If you are opposing class certification in this case on any grounds not discussed in detail in your responses to one or more of these interrogatories, explain in detail the basis of each contention on which you base your opposition to class certification, including in your answer all facts relevant to your contentions and identifying all documents relevant to your contention.

5. State the number of loans and or mortgages that you have made where real property is the collateral used for said loan.

6. Identify all persons, whether employees, agents, outside corporations or independent contractors, that drafted or prepared all Truth In Lending Act disclosures, right to rescind notices or other notices used in connection with loans you have made, where real property is the collateral for the loan.

7. Identify each expert witness, whether your employee or otherwise, that you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.

8. Describe in detail each and every communication regarding the Cleveland Loan you, or anyone on your behalf, has had with any other person or entity not a party to this litigation.

9. Describe in detail each and every communication you, or anyone on your behalf, has had with any regulatory or administrative governmental entity in connection with the any loan secured by real property.

10. State the complete history of the ownership of the Plaintiffs' mortgage from the date it was originated to the present. Please include all assignments of the mortgage if any, whether recorded or not. Also, please include the complete ownership history of the mortgage and or note, including but not limited to, all transfers and endorsements, tenders and deliveries from origination to present day.

11. State the current amount needed to pay off the loan of the Plaintiffs.

12. State the source of the capital used to make the loan to the Plaintiffs.

13. Give a complete and itemized statement from the date of this loan to the date of this discovery of the amount, payment date, purpose and recipient of all foreclosure expenses, NSF check charges, legal fees, attorney fees, professional

fees and other expenses and costs that have been charged against or assessed to this mortgage.

14. Have you ever been sued in any lawsuit in which the Plaintiffs made allegations that you had violated any federal lending statute? If so, state the names of the parties to the lawsuit, name the court in which the lawsuit was filed, and describe the present status of the lawsuit.

15. Identify each charge included in the calculation of the "amount financed" regarding the transaction at issue herein.

16. Identify charge included in the calculation of the "finance charge" regarding the transaction at issue herein.

17. Identify the methodology and describe the step-by-step process by which the APR (Annual Percentage Rate) was calculated regarding the instant transaction.

Submitted this December 11, 2009.

/s/Milton Brown, Jr.
Milton Brown, Jr
Attorney at Law, P.C.
2608 8th Street
Tuscaloosa, Al  35401
Tel.:  (205) 391-0620
Fax:  (866) 353-7698

milton@miltonbrownlaw.com

Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Telephone: (251) 990-5558

Steven P. Gregory
Attorney at Law
46A Mt. Laurel Avenue
Birmingham, AL 35242
Tel: (205) 799-0380
(GRE-058)

## CERTIFICATE OF SERVICE

I herby certify that on December 11, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

R. Cooper Shattuck
Jane L. Calamusa
Katie B. Thompson
Rosen Harwood
P.O. Box 2727
Tuscaloosa, AL 35403-2727

cshattuck@rosenharwood.com
jcalamusa@rosenharwood.com
kthompson@rosenharwood.com


/s/Milton Brown, Jr.