FILED
2010 Jan-15 PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIE C. & DOROTHY** | § | |
| **CLEVELAND, individually and** | § | |
| **on behalf of a class described herein,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Case No. CV-09-HGD-1991-W** |
| | § | |
| **HUGH EDMONDS DISCOUNT** | § | |
| **COMPANY, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWERS TO FIRST SET OF INTERROGATORIES

COMES NOW, Hugh Edmonds Discount Company, Inc., (hereinafter "Edmonds") by and through the undersigned counsel of record, and states the following as its answers to the first set of interrogatories of the Plaintiffs as follows:

### GENERAL OBJECTIONS

Edmonds' interrogatory responses as set forth herein are made solely for the purposes of this action. There are made subject to all objections as to competency, relevancy, materiality, propriety, and inadmissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein, if such a statement were made by, or if a discovery were asked of, a witness

1

present testifying in court, all of which objections and grounds are reserved and made be interposed at the time of trial, should there be a trial in this matter.

No incidental or implied admissions are intended by the responses or objections stated herein. The fact Edmonds responds to or objects to any particular discovery request should not and may not be taken as an admission that it accepts or admits the existence of any facts set forth in or assumed by such request and that such response or objection constitutes admissible evidence. The fact Edmonds answers part of or all of any particular request is not intended be, and should not be construed as, a waiver by Edmonds of all of or any part of any objection.

The responses stated herein are based on Edmonds' present knowledge of the facts apparently relevant to this action. Edmonds has not completed its investigation of the facts, discovery proceedings in this case or its preparation for trial. Edmonds accordingly reserves its right to make appropriate changes in its responses or to supplement these responses should appear at any time an omission or error has been made or that additional or more accurate information should be included. Edmonds further reserves it rights to rely upon any and all information at trial, whether or not disclosed at this time and answer to these discovery requests. Edmonds reserves its right to supplement these responses. To the extent any or all of Plaintiff's requests call for information prepared or obtained in anticipation of litigation or for trial, or otherwise protected from disclosure by the

2

work product doctrine, the attorney/client privilege, or any other privilege or doctrine based on the deliberative process, or to the extent any of the requests seeks disclosure of the mental impressions of any of the attorneys for Edmonds, Edmonds objects to such requests on such grounds. Edmonds is not obligated to and will not disclose information protected from discovery by virtue of such privileges or doctrines.

The foregoing general objections are incorporated by reference into each response as though fully set forth therein, regardless of whether any or all of said objections are repeated in response to any specific request.

## ANSWERS TO INTERROGATORIES

1.    Identify the person or persons answering or participating in the preparation of answers to these interrogatories.

*Answer:*    Hugh Edmonds, Steve Edmonds, undersigned counsel.

2.    Is the Defendant properly named in the Complaint? If not, please give the Defendant's proper name or the name of proper legal entity.

*Answer:*    Yes, the defendant is properly named.

3.    Do the owners of the Defendant own any other corporate entities? If so, state the name of each such entity, its date of incorporation, its principal place of business, its shareholders or members, whether the entity is still conducting business, and describe the nature of its business.

3

*Answer:*    Defendant objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4.    If you are opposing class certification in this case on any grounds not discussed in detail in your responses to one or more of these interrogatories, explain in detail the basis of each contention on which you base your opposition to class certification, including in your answer all facts relevant to your contentions and identifying all documents relevant to your contention.

*Answer:*    Defendant has not determined whether it will oppose the class certification.  Defendant will supplement its response as required by the Federal Rules of Civil Procedure and any pre-trial order of this Court.

5.    State the number of loans and or mortgages that you have made where real property is the collateral used for said loan.

*Answer:*    Defendant objects to this request as overly broad and not reasonably limited in time or scope.  Without waiving this objection, Defendant states that it has made approximately 108 loans since October 1, 2006 secured by mortgages on a consumer's principal dwelling.

6.    Identify all persons, whether employees, agents, outside corporations or independent contractors, that drafted or prepared all Truth In Lending Act disclosures, right to rescind notices or other notices used in connection with loans you have made, where real property is the collateral for the loan.

*Answer:*   Defendant objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, the Truth in Lending disclosures and right to rescind notices were drafted by an outside entity.

7.    Identify each expert witness, whether your employee or otherwise, that you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.

*Answer:*    No expert witness has been consulted at this time.  If an expert who is expected to testify is retained, Defendant will supplement its response as required by the Federal Rules of Civil Procedure and any pre-trial order of this Court.

8.    Describe in detail each and every communication regarding the Cleveland Loan you, or anyone on your behalf, has had with any other person or entity not a party to this litigation.

*Answer:*    Defendant objects to this request as it seeks information protected by the attorney-client privilege.  Without waiving this objection, other than conversations with its undersigned counsel, Defendant is not aware of any such communications.

9.    Describe in detail each and every communication you, or anyone on your behalf, has had with any regulatory or administrative governmental entity in connection with the any loan secured by real property.

**Answer:**    Defendant objects to this request as overly broad, unduly burdensome, not reasonably limited in time or scope, and unlikely to lead to the discovery of admissible evidence.   Without waiving this objection, Defendant states that no governmental entity has ever criticized, disapproved, condemned or provided any other negative evaluation or assessment regarding its conduct with respect to such loans.

10.    State the complete history of the ownership of the Plaintiffs' mortgage from the date it was originated to the present. Please include all assignments of the mortgage if any, whether recorded or not. Also, please include the complete ownership history of the mortgage and or note, including but not limited to, all transfers and endorsements, tenders and deliveries from origination to present day.

**Answer:**    The mortgage at issue was originated and serviced by Defendant.  It has not been assigned or transferred.

11.    State the current amount needed to pay off the loan of the Plaintiffs.

**Answer:**    $21,242.94

12.    State the source of the capital used to make the loan to the Plaintiffs.

**Answer:**    Defendant's operating funds.

6

13.   Give a complete and itemized statement from the date of this loan to the date of this discovery of the amount, payment date, purpose and recipient of all foreclosure expenses, NSF check charges, legal fees, attorney fees, professional fees and other expenses and costs that have been charged against or assessed to this mortgage.

*Answer:*    No such fees have been charged against this account.

14.   Have you ever been sued in any lawsuit in which the Plaintiffs made allegations that you had violated any federal lending statute?  If so, state the names of the parties to the lawsuit, name the court in which the lawsuit was filed, and describe the present status of the lawsuit.

*Answer:*    No.

15.   Identify each charge included in the calculation of the "amount financed" regarding the transaction at issue herein.

*Answer:*    The amount financed includes the total cash advanced minus the prepaid interest surcharge.

16.   Identify charge included in the calculation of the "finance charge" regarding the transaction at issue herein.

*Answer:*    The finance charge includes the interest and the interest surcharge.

17.    Identify the methodology and describe the step-by-step process by which the APR (Annual Percentage Rate) was calculated regarding the instant transaction.

*Answer:* Defendant determines the interest rate to be charged in the transaction at issue. It then enters that interest rate, the loan amount, and the costs and fees into a computer program. The computer program then calculates the APR.

HUGH EDMONDS
DISCOUNT COMPANY, INC.

By: _____
      Hugh Edmonds, Its President

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this the $\underline{15}$ day of January, 2010.

_____
Notary Public

As to objections:

*/s/ R. Cooper Shattuck*
**R. Cooper Shattuck** (SHATR-5109)
**Jane L. Calamusa** (CALAJ-5640)
**Katie B. Thompson** (THOMK-4833)
Attorneys for Defendant

**OF COUNSEL**
Rosen Harwood, P.A.
Post Office Box 2727

8

Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:  (205) 758-8358
cshattuck@rosenharwood.com
jcalamusa@rosenharwood.com
kthompson@rosenharwood.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following in this proceeding by mailing same by United States mail, properly addressed and first class postage prepaid, or through the Court's electronic filing system, this the \15\ day of January, 2010:

Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL  36533-0969

Milton Brown, Jr.
2608 8th Street
Tuscaloosa, AL  35401

Steven P. Gregory
Gregory Law Firm, P.C.
46A Mt. Laurel Avenue
Birmingham, AL  35242

/s/ R. Cooper Shattuck
**R. Cooper Shattuck**