FILED

2011 Mar-08  AM 08:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIE C. & DOROTHY CLEVELAND, individually and on behalf of a class described herein,** | § § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **Case No. CV-09-HGD-1991-W** |
| **HUGH EDMONDS DISCOUNT COMPANY, INC.,** | § § § | |
| **Defendant.** | § | |

## <u>JOINT MOTION FOR APPROVAL OF CLASS SETTLEMENT</u>

COMES NOW the Plaintiffs, Willie C. and Dorothy Cleveland, individually and on behalf of a class, and Defendant, Hugh Edmonds Discount Company, Inc., and hereby move this Honorable Court to enter an Order approving the class settlement.  In support thereof, the parties state as follows:

## I. STATEMENT OF THE CASE

This action involves claims arising under the Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et. seq.,* ("TILA"), and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1639, *et. seq.* Specifically, Plaintiffs allege that Plaintiffs and Defendant entered into a consumer credit transaction on or around June 1, 2009, said transaction qualifying for regulation under both TILA and HOEPA.  Pursuant to the terms of said transaction, Defendant took a mortgage on

Plaintiffs' home.   Plaintiffs allege that Defendant (1) failed to provide a special pre-consummation notice notifying Plaintiffs that they did not have to proceed with the loan and that said loan would result in the Defendant having a mortgage on their residence, and (2) provided defective notice of Plaintiffs' right to rescind. The Complaint in this Action alleges a claim on behalf of Plaintiffs and a class of "similarly situated" persons for violations arising under TILA and/or HOEPA.

## II. SETTLEMENT TERMS

Pursuant to the Stipulation of Settlement, and subject to the definitions provided therein, Defendant will provide the following settlement relief to Eligible Settlement Class Members:

### A.    **Class Members Eligible for Damages**

To those Class Members Eligible for Damages, Defendant shall:

(1)   Apply a credit of up to $2,500.00 to be credited on a Qualified Loan, subject to the following:

(a) If a Qualified Loan has been renewed or refinanced, the credit will be applied to an Existing Loan between Defendant and that individual Class Member Eligible for Damages;

(b)  If the Qualified Loan or Existing Loan to which the credit is to be applied shows a balance of less than $2,500.00, then the amount credited shall equal the balance remaining on the loan.

(c)  If the Qualified Loan or Existing Loan has more than one maker who is a Class Member Eligible for Damages, then there shall be only one credit totaling $2,500.00 for the loan; i.e. there shall not be a $2,500.00 credit given for each Qualified Class Member Eligible for Damages on loans with more than one Class Member Eligible for Damages as a maker.

(2)  Apply a credit of one-half of the Settlement Charges, subject to the following:

(a) If a Qualified Loan has been renewed or refinanced, the credit will be applied to an Existing Loan;

(b)  If the Qualified Loan or Existing Loan to which the credit is to be applied shows a balance of less than the amount equaling one-half of the Settlement Charges (after application of the credit set forth in Section III(A)(1), above, then the amount credited shall equal the balance remaining on the loan.

(c)  If the Qualified Loan or Existing Loan has more than one maker who is a Class Member Eligible for Damages, then there shall be only one credit for that loan; i.e. there shall not be a credit given for each Qualified Class Member Eligible for Damages on loans with more than one Class Member Eligible for Damages as a maker.

(3)  If a Class Member Eligible for Damages does not have a Qualified Loan or Existing Loan with Defendant on the date of the Final Order and

Judgment, in lieu of the $2,500.00 credit and credit for one-half of the Settlement Charges to be applied to a Qualified Loan or Existing Loan, Defendant shall give a credit of up to $2,500.00 toward the Settlement Charges on any one (1) future loan for which such Class Member Eligible for Damages is approved by Defendant, provided that such loan is entered within one (1) year following the Final Order and Judgment.

Calculation of the damages available to the Settlement Class Members indicates the settlement to be in the amount of approximately $61,453.01.  Of that amount, approximately $31,453.01 will be credited to the Settlement Class Members, and $30,000.00 will be paid to the attorneys for the Settlement Class for fees and expenses.  (See Affidavit of Steve Edmonds attached hereto as Exhibit "1").

This Court preliminarily approved this settlement by virtue of its Preliminary Hearing Order dated December 9, 2010 (Doc. 25).   Notice was provided to class members in accordance with the Court's Preliminary Hearing Order and the Stipulation of Settlement.  As of the filing of this Motion, no class member has filed an objection to the Stipulation of Settlement or opted out of the settlement.  Following a hearing by this Court, the parties seek an Order from this Court granting final approval of the class settlement, as set forth in the Stipulation of Settlement, effectuating the terms thereof.

4

### III.   STANDARDS FOR APPROVAL OF CLASS SETTLEMENT

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise of claims brought on a class basis.  Fed. R. Civ. P. 23(e).  Where parties seek to settle class claims, the court may approved the proposed settlement only "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); see also, Leverso v. South Trust Bank, 18 F.3d 1527, 1530 (11th Cir. 1994). Generally, there is an initial presumption of fairness when a settlement is "the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced."  H. Newberg, A. Conte, Newberg on Class Actions § 11.41 (4th Ed. 2002).

In determining whether a settlement is "fair, reasonable, and adequate," the Eleventh Circuit has set forth the following factors to be examined:  (i) whether the settlement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the litigation; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the factual and legal obstacles prevailing on the merits; (v) the possible range of recovery and the certainty of damages; and (vi) the respective opinions of the participants, including class counsel, class representative, and the absent class members.  Leverso, 18 F.3d at 1530; Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir.1984).

Here, there is no evidence by either party of fraud or collusion in the settlement. The parties have candidly set forth the terms of the settlement before the Court. Notably, the issue of attorneys' fees was negotiated following the negotiations regarding the class benefits, and the amount of such fees remains subject to this Court's approval. The settlement of this action will end lengthy and complex litigation which would have consumed vast time and resources of both this Court and the parties' counsel. The settlement is the product of extensive and vigorous settlement negotiations, and follows thorough and wide-ranging discovery. Both parties have adequately and consistently defended their respective positions. Due to the complexities and uncertainties characteristic of this sort of litigation, the proposed settlement resolves such risks and uncertainties for both the Settlement Class Members and the Defendant. Finally, the settlement provides meaningful and substantial relief to the class. Such relief ranges from an additional year in which a class member may rescind his loan, to a loan credit of $2,500.00 plus closing costs.

## IV.    THE PROPOSED SETTLEMENT CLASS MEETS THE PREREQUISITES FOR CLASS CERTIFICATION UNDER RULE 23.

It has long been recognized that class actions may be certified for the purpose of settlement. Amchem Products v. Windsor, 521 U.S. 591 (1997). Rule 23(a) sets forth four prerequisites to class certification: (i) numerosity, (ii)

commonality, (iii) typicality, and (iv) adequacy of representation.  In addition, the class must satisfy one of the three subsections of Rule 23(b).  See Fed. R. Civ. P. 23.

First, Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is "impractical."  See Fed. R. Civ. P. 23(a)(1).  Impracticability does not mean impossibility. Bradley v. Harrelson, 151 F.R.D. 422, 426 n.5 (N.D. Ala. 1993).  In assessing impracticability, "courts should take a common-sense approach which takes into account the objectives of judicial economy and access to the legal system."  Id. at 426. This case involves a class of approximately 65 members. The joinder of 65 members would certainly be impractical and the numerosity requirement is clearly met.  See Alabama v. Chevron U.S.A., Inc., 29 Fed. R. Serv. 2d 1048 (M.D. Ala. 1980) (court held that 38 to 113 potential plaintiffs was sufficient to render joinder impractical).

Rule 23(a) (2) is satisfied where the proposed class representatives share at least one question of fact or law with the claims of the prospective class.  Fed. R. Civ. P. 23(a)(2).  Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common, rather, there need only be substantial issues common to the members of the class. COX V. American Cast Iron Pipe Co., 784 F.2d 1546, 1557 (11th Cir.).  Here, the commonality prerequisite is easily met as there are numerous common legal and factual issues between Settlement Class

Representative Plaintiffs' claims and those of the Settlement Class Members include whether Defendant (1) failed to provide a special pre-consummation notice notifying Settlement Class Members that they did not have to proceed with the loan and that said loan would result in the Defendant having a mortgage on their residence, and (2) provided defective notice of Settlement Class Members' right to rescind.  Because these issues are common to the proposed Settlement Class Members, the commonality requirement of Rule 23(a)(2) is easily satisfied.

The typicality requirement of Rule 23(a)(3) is satisfied when the claims or defenses of the party or parties representing the class are typical of the claims or defenses of the other class members.  See Fed. R. Civ. P. 23(a)(3).  The claims of the Settlement Class Representative Plaintiffs and the claims of the prospective Class Members arise from the same alleged conduct by the Defendants, namely, allegations that Defendant (1) failed to provide a special pre-consummation notice notifying Settlement Class Members that they did not have to proceed with the loan and that said loan would result in the Defendant having a mortgage on their residence, and (2) provided defective notice of Settlement Class Members' right to rescind.  Further, the proof that Settlement Class Representative Plaintiffs would present to establish their claims also would prove the claims of the rest of the Settlement Class.  Additionally, the Settlement  Class Representative Plaintiffs are

not subject to any unique defenses that could make them atypical members of the proposed Settlement Class.

The representative parties must satisfy Rule 23(a)(4)'s adequacy requirement by showing that they will fairly and adequately protect the interests of the Settlement Class. See Fed. R. Civ. P. 23(a)(4). To satisfy this requirement, a proposed class representative must be free of interests that are antagonistic to the other members of the class. Here, the Settlement Class Representative Plaintiffs have claims that are typical and coextensive with those of the Settlement Class, and there are no conflicts of interest between the Settlement Class Representative Plaintiffs and the Settlement Class. Further, the Settlement Class Representative Plaintiffs have been active in monitoring the progress of this litigation and have retained counsel experienced in federal consumer protection regulations. The significant settlement obtained for the Settlement Class is further evidence that Settlement Class Representative Plaintiffs and their counsel have been acting vigorously to fairly and adequately represent the interests of the Settlement Class. Thus, Settlement Class Representative Plaintiffs are adequate representatives of the Settlement Class, in satisfaction of Rule 23(a)(4).

Finally, Settlement Class Representative Plaintiffs and Settlement Class Counsel respectfully submit that the Settlement Class satisfies Rule 23(a) and (b)(3) as to all issues. The proposed Settlement Class is a Rule 23(b)(3) opt-out

class with questions of law or fact common to the members of the class predominating over any questions affecting only individual members, and is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.   CONCLUSION

Settlement Class Representative Plaintiffs, Defendant, and their respective counsel respectfully request that the Court grant approval of the settlement on the terms outlined in the Stipulation of Settlement previously filed by this Court.

/s/ Katie B. Thompson
**Jane L. Calamusa** (CALAJ-5640)
**Katie B. Thompson** (THOMK-4833)
Attorneys for Defendant

**OF COUNSEL**
Rosen Harwood, P.A.
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:   (205) 758-8358
jcalamusa@rosenharwood.com
kthompson@rosenharwood.com

/s/  Earl P. Underwood, Jr
**Earl P. Underwood** (UNDEE6591)
One of the attorneys for Plaintiff

10

**OF COUNSEL**

Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL  36533-0969
Telephone: (251)  990-5558
Facsimile:  (251) 990-0626
epunderwood@alalaw.com

                                                    */s/ Steven P. Gregory*
                                                    **Steven P. Gregory**
                                                    One of the attorneys for Plaintiff

**OF COUNSEL**

Steven P. Gregory
Gregory Law Firm, P.C.
2100 Southbridge Parkway
Suite 650
Birmingham, AL  35209
Telephone: (205) 799-0380
steve@gregorylawfirm.us

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL  36533-0969

Steven P. Gregory
Gregory Law Firm, P.C.
46A Mt. Laurel Avenue
Birmingham, AL  35242

                                                    */s/ Katie B. Thompson*
                                                    **Katie B. Thompson**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIE C. & DOROTHY**<br>**CLEVELAND, individually and**<br>**on behalf of a class described herein,** | § § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **Case No. CV-09-HGD-1991-W** |
| **HUGH EDMONDS DISCOUNT**<br>**COMPANY, INC.,** | § § § | |
| **Defendant.** | § § | |

## <u>AFFIDAVIT OF STEVE EDMONDS</u>

BEFORE ME, the undersigned authority, personally appeared STEVE EDMONDS, who being known to me and being first duly sworn, deposes and says as follows:

1. My name is Steve Edmonds. I am the Vice-President of Hugh Edmonds Discount Company, Inc. ("HEDC") and I have personal knowledge of the facts set forth herein.

2. I have reviewed the loan files subject to this action.

3. Based on my review, and as directed by the Stipulation of Settlement, on or around December 30, 2010, I mailed a class notice to 65 class members. A copy of the class notices which I mailed are attached as Exhibit "A" and Exhibit "B" to the Stipulation of Settlement.

4. Of those 65 class notices, 24 were mailed to Class Members Eligible for Damages, and 41 were mailed to Class Members Eligible for Rescission.

5. Of those class notices, 11 were returned to HEDC. Ten were returned on the basis that the address was no longer correct, and one was returned because the class member refused to accept it.

6. I was able to locate a new address and remail two of the returned class notices, and had one of the returned class notices hand delivered.

7. Of the remaining seven class members who did not receive a class notice, six of those loans have been paid off and show a zero balance.

8. I have reviewed the individual loan files for each Class Member Eligible for Damages. Based on my review, I have calculated to the best of my ability the damages owed to each Class Member Eligible for Damages, and determined that the credit to be applied to the Class Members Eligible for Damages is $31,453.01.

9. All of the above statements are true and correct and stated as facts based upon my own personal knowledge.

STEVE EDMONDS

Sworn to and subscribed before me on this the 7 day of March, 2011.

NOTARY PUBLIC

EXHIBIT "1"